No. 45,403

Roy E. Hardman, *Appellant,* v. Mildred G. Hardman, *Appellee.*

(457 P. 2d 86)

Opinion filed July 17, 1969.

*John C. Humpage,* of Topeka, argued the cause and *William R. Stewart,* of Topeka, was with him on the brief for appellant.

*Jan W. Leuenberger,* of Topeka, argued the cause and *Ralph F. Glenn, L. M. Cornish, Jr., M. D. Bartlow, Edward B. Soule* and *Robert A. Atherton,* all of Topeka, were with him on the brief for appellee.

The opinion of the court was delivered by

Fromme, J.: This is a contest between parents for custody of a seven year old son.

In 1966 Mildred G. Hardman was granted a divorce from Roy E. Hardman in the District Court of Shawnee County, Kansas. The couple had two small children. Richard K. Hardman was then four years old and his sister, Peggy Jo Hardman, was seven. When the divorce case was set for trial the father withdrew his petition for divorce and the hearing proceeded on the mother's cross petition without contest. The court awarded custody of Richard to the father, and the custody of Peggy was awarded to the mother.

The parents continued to live in Topeka and both parties married again. In 1967 the father obtained employment in Chicago. The mother then filed a motion for change of custody for Richard. Pending a hearing on the motion the father obtained permission to temporarily remove the son to Illinois. The order authorizing the move required the father and son to return September 21, 1967,

for the hearing on change of custody. Difficulties ensued. The hearing on the motion for change of custody was held later in the absence of the father and son. The father's attorney was present at the hearing. The trial lasted three days.

The trial court entered an order changing the custody of Richard to the mother. The facts upon which the change of custody was ordered are set forth in the court's order as follows:

"6. That after giving due consideration to the evidence, the arguments and authorities cited by counsel, the court finds that the motion of Mildred G. Hardman, now Mildred G. Tschudy, for a change of custody of the minor child, Richard K. Hardman, should now be sustained. The court further finds that there has been change of circumstances since the date of the divorce decree in the instant case entered September 23, 1966, wherein plaintiff, Roy E. Hardman was given the custody of said minor child. The court further finds that the said change of custody would advance the welfare and would be in the best interests of said minor child, Richard K. Hardman.

"(a) The court further finds that the evidence relating to the facts and circumstances surrounding the physiological and psychological development of Richard K. Hardman indicated, among other things, that the said minor child lacked facility in several areas such as swinging, riding a tricycle, speech and etc., as judged by the normal capabilities of children of the same age. Evidence further indicated said child was in need of surgery. Evidence further indicated that said child was lacking in area of social developments and normal play activities. All of said evidence is relative to the welfare of said child and is wholly uncontradicted.

. . . . . . . . . . . .

"8. The court further finds that the plaintiff, Roy E. Hardman, should forthwith return the said minor child, of the parties, Richard K. Hardman to this jurisdiction, and unto the care, custody and control of the defendant, Mildred G. Hardman, a/k/a Mildred G. Tschudy."

Subsequent motions for rehearing filed on behalf of the father were overruled by the court. The father appeals and presents one question for determination. Did the court err in limiting the evidence bearing upon change of custody to facts and circumstances postdating the original custody order?

The trial court in a letter to counsel set forth the extent of his limitation on the evidence as follows:

"It must be clearly understood that the Court ruled merely that the order of September 29, 1966, (divorce decree) awarding custody of the minor, Richard K. Hardman, was *res judicata* only as to matters as they existed when said order was made and did not bar later inquiry into the issue of custody and fitness where circumstances had changed. . . . The Court expressly permitted an inquiry into facts and circumstances existing at the time of the most recent hearing with respect to the issue of custody of Richard K. Hardman and the fitness of the defendant (mother)."

The appellant's argument is as follows: When the original divorce was granted to appellee the appellant withdrew his petition and there was no evidence introduced concerning the fitness of either party to have custody of the children. Appellant says the rule of *res judicata* does not apply if the question is removed upon the request of the parties. He should now be permitted to introduce evidence of the indiscretions of the mother prior to the divorce hearing. In support thereof he cites *Gillet v. Powell,* 174 Kan. 88, 254 P. 2d 258.

The facts of the Gillet case are not analogous and do not support appellant's present argument. In *Gillet* a partition action had been filed in Chase county and proceeded to judgment. The parties on motion had this judgment set aside as to the mineral interests in Chase county. Later an action was brought in Marion county to partition the same mineral interests in Chase county together with mineral interests in Marion county. The contention was made that issues concerning partition of the Chase county minerals were *res judicata.* The court properly held *res judicata* did not prevent partition of the Chase county minerals when these were removed from the previous case by order of the court on motion of the parties.

In our present case the divorce action proceeded to judgment upon the cross petition of the appellee. The appellant's action in withdrawing his petition did not remove the question of custody from consideration of the court. The court awarded custody of both children by the divorce decree. The issue of custody upon the facts and circumstances existing on September 29, 1966, was adjudicated.

In *Lyerla v. Lyerla,* 195 Kan. 259, 403 P. 2d 989, we held:

"An order awarding custody of a minor child is *res judicata* only as to matters as they existed when the order was made, and does not bar later inquiry into the issue of custody where circumstances have changed." (Syl. ¶ 3.)

The general rule is that the court's judgment is conclusive and final as to matters and facts which were actually litigated and determined. Not only is everything adjudicated between the parties which the parties chose to litigate, but everything incidental thereto, and which properly could have been litigated with due diligence. This rule has been repeatedly stated and applied in Kansas. (*Levi v. Levi,* 149 Kan. 234, 86 P. 2d 473; *Marks v. Marks,* 165 Kan. 348,

353, 194 P. 2d 935; *In re Estate of Mullin,* 201 Kan. 756, 763, 443 P. 2d 331.)

Although there was no specific finding of fitness when the original decree was entered the trial court awarded custody of one child to each parent. When this order was made a finding that both parents were fit and proper persons to have custody was inherent in that order. (*Travis v. Travis,* 163 Kan. 54, 56, 180 P. 2d 310.)

This is a change of custody case. Inquiry is always permitted on the issue of custody when the circumstances have changed. However, the facts and circumstances embraced in the issue on which the prior order of custody rested are *res judicata.* (See *Wear v. Wear,* 130 Kan. 205, 285 Pac. 606.)

The doctrine of *res judicata* applies to an order awarding custody of a minor in that a court cannot reexamine the facts formerly adjudicated and make a different order thereon. There must be a substantial change of circumstances, presenting a new case, before the court may make a substantial change in the custody order. (*White v. White,* 160 Kan. 32, 43, 44, 159 P. 2d 461; *Lyerla v. Lyerla,* supra; 92 A. L. R. 2d [Anno: Children—Alternate Custody] p. 736.)

It is apparent on reading the findings of the trial court upon which this change of custody was ordered that the ultimate decision of the court did not rest upon evidence of fitness of the parents or lack thereof. The paramount consideration of the court was directed to the welfare and best interests of this seven year old boy. This court has recognized in a long line of cases that the trial court is in a better position to judge whether the best interests of a child are being served. In the absence of abuse of judicial discretion this court will not disturb the trial court's judgment. (See *Gardner v. Gardner,* 192 Kan. 529, 532, 389 P. 2d 746, and cases cited therein.)

The only evidence proffered on behalf of appellant related to incidents occurring before the divorce was granted. No evidence was proffered by appellant bearing upon the unfitness of the appellee after the original custody order. The trial court could not readjudicate the facts existing when its original custody order was entered. The trial court properly limited the evidence bearing upon change of custody to facts and circumstances postdating the original custody order. Our decision on the merits makes it unnecessary to consider the procedural question raised by appellee.

Judgment is affirmed.