No. 46,824

Glenda C. Moudy, *Appellant*, v. O. Wayne Moudy, *Appellee*.

(505 P. 2d 764)

Opinion filed January 20, 1973.

Donald E. Lambdin, of the firm of Lambdin and Kluge, Chartered, of Wichita, argued the cause, and *William F. Kluge, III*, of the same firm, was with him on the brief for the appellant.

Paul L. Thomas, of the firm of Arvin, Arvin & Busey, of Wichita, argued the cause, and *Lester C. Arvin*, of the same firm, was with him on the brief for the appellee.

*Per Curiam:* This is an appeal by the plaintiff, Glenda C. Moudy, from a judgment entered in a divorce action awarding custody of her two minor children, aged 7 and 4 years, to their father, O. Wayne Moudy, the defendant herein.

In granting custody to the defendant the trial court found that the interests of the children would best be served by placing custody with the father, subject to reasonable visitation by their mother.

The plaintiff contends that the trial court erred as a matter of law in granting custody to the defendant, that it abused its discretion in awarding custody to the father, and that no evidence was introduced to show that it was to the children's best interest to be placed with their father.

We cannot agree with the plaintiff's contentions.

There is no rule in this jurisdiction requiring that the custody of minor children be awarded to their mother rather than to their father. Hence, the granting of custody to the father in this case was not error as a matter of law. Neither was it necessary for the court to find the mother unfit before custody could be awarded to the father. When the issue is between the parents, the primary consideration is the welfare and best interests of the children. The fact that custody was awarded to the father, without a finding the mother was unfit, does not evidence an abuse of discretion so long as the decision is in furtherance of the children's best interests. (*Hayn v. Hayn*, 162 Kan. 189, 175 P. 2d 127; *Gardner v. Gardner*, 192 Kan. 529, 389 P. 2d 746.)

The paramount consideration in custody disputes between parents

is always the welfare and best interests of the children. The trial court is in the best position to judge whether those interests are being served, and in the absence of an abuse of judicial discretion its judgment will not be disturbed. (*Gardner v. Gardner,* supra; *Bergen v. Bergen,* 195 Kan. 103, 403 P. 2d 125; *Adkison v. Adkison,* 206 Kan. 125, 476 P. 2d 216.)

We have carefully examined the record and find that it contains substantial competent evidence to support the trial court's judgment awarding custody to the defendant.

The judgment of the trial court is affirmed.