No. 46,618

Judy E. Erikson, *Appellant*, v. Darrel L. Erikson, *Appellee*.

(505 P. 2d 688)

Opinion filed January 20, 1973.

*Chester I. Lewis*, of Lewis & Davis, of Wichita, argued the cause and was on the brief for appellant.

*Calvin McMillan*, of Kaplan, McMillan & Anderson, of Wichita, argued the cause and was on the brief for appellee.

*Per Curiam:* This is an appeal by the plaintiff from an order of the district court denying her motion to modify the decree and award her custody of her son who was two and a half years old at the time of the divorce decree giving custody to the father. The decree was entered February 2, 1971, and the motion to change the custody followed on May 10, 1971. The plaintiff contends there had been a change of conditions which made her "legally entitled to have the care, custody and control of said minor child."

There is no need to recite here the facts and circumstances pertaining to the situation of the parties and the merits of their respective claims.

The motion for change of custody came so soon after the decree that it has the appearance of seeking a review without an appeal from the original order. In fact, a substantial portion of the evidence before the district court on the motion related to circumstances and conditions existing before the decree, which provided the basis for the initial award of custody. However, *res judicata* was not raised as a jurisdictional defense, thus we consider the case in its factual context. (See *Irwin v. Irwin*, 211 Kan. 1, 505 P. 2d 634; *Hardman v. Hardman*, 203 Kan. 825, 457 P. 2d 86.)

The record shows the facts presented on the motion did not make it imperative upon the district court to take the custody from the father and change it to the mother. It was within the discretion of the district court, and this court cannot find that the district court abused its discretion, nor was its determination

in our opinion against the best interests of the child, even in light of the balance favoring the maternal custody of the child, all other things being equal.

The judgment is affirmed.