No. 47,650

Delores Marie Lewis, *Appellant*, v. William Hudson Lewis, *Appellee.*

(537 P. 2d 204)

Opinion filed June 14, 1975.

*Thomas C. Boone,* of Hays, argued the cause and was on the brief for the appellant.

*Robert J. Lewis, Jr.,* of Lewis, Lewis & Beims, of Atwood, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: This is an appeal from an order of the district court denying a motion by the plaintiff mother to modify the original divorce decree awarding custody of the parties' minor children to the defendant father during the school year. Plaintiff contends there has been such a change in conditions that the welfare of the children requires a change of custody, and that the trial court abused its discretion in ruling plaintiff failed to sustain the burden of proof.

Delores Marie Lewis (plaintiff-appellant) and William Hudson Lewis (defendant-appellee) were married on August 13, 1961. Both parties were well educated and at one time or another they had been employed as school teachers. Two children were born of their marriage, William Bradley in 1965, and Jacquelyn Sue in 1968.

On December 29, 1971, plaintiff filed a petition for divorce on the ground of incompatibility, and in conjunction therewith sought an equitable division of property, support, alimony, attorney fees, and exclusive custody of the two minor children. Defendant answered by denying the various allegations of plaintiff and by filing a cross-petition for divorce on the grounds of adultery, ex-

treme cruelty, and gross neglect of duty. Defendant further alleged plaintiff was not a fit person to have custody of the children and requested he be awarded permanent custody of both children.

Prior to a hearing on the merits, defendant amended his cross-petition to include the ground of incompatibility. Plaintiff withdrew her petition and the trial court granted defendant a divorce on the ground of incompatibility. After having been fully advised in chambers as to the type of evidence both parties would present concerning their relative fitness as parents, as well as the fact plaintiff would be teaching school beginning in August, 1972, whereas, defendant would be giving up his teaching career to work on his farm near Atwood, Kansas, and having in mind at all times the welfare of the children, the court ordered custody of the children to be divided among the parents. The defendant husband was to have custody during the school year and the plaintiff wife was to have custody during the summer vacation, both periods of custody being subject to liberal visitation rights by the other party. A short time later the original order was more precisely defined as to the weekend visitation rights as a result of a stipulation and agreement entered into by the parties and approved by the court.

Following the divorce, plaintiff began teaching school in Edson, Kansas, and defendant quit his teaching job to work on the family farm.

In February, 1974, almost two years later, plaintiff filed a motion to modify the original custody order, alleging changed circumstances in the following respects:

"(*i*) That the plaintiff is now married, residing on a farm home near Colby, Kansas and that the environment at said home is conducive to the health and welfare of said minor children.

"(*ii*) That the plaintiff is no longer teaching school and her sole and only duties are that of a housewife and further, that she desires, as their natural mother, to have said minor children in her home in order to guide and direct them through their tender years.

"(*iii*) That the present custody arrangement is not conducive to the health, mental well-being and welfare of said minor children for the reason that the defendant herein is fully occupied with his present occupation and said children need the security that can be provided by their natural mother.

"(*iv*) That the plaintiff has reconciled her former life style which plaintiff alleges was brought about by the gross incompatibility with the defendant herein.

"(*v*) That plaintiff has at all times material herein been ready and willing to assume full time the duties of a mother and desires that this Court, which has continuing jurisdiction over said minors, to return said children to her

custody, with reasonable rights of visitation to their natural father, the defendant herein.

. . . . . . . . . . . . . . .

"(*vii*) Plaintiff states that there has been no finding by this Court that the plaintiff herein is unfit to have said custody."

After the hearing on the motion the trial court found plaintiff failed to sustain the burden of proof. The court concluded that plaintiff failed to show the welfare of the children required a change of custody, that the children were progressing and maturing normally under the original custody arrangement, and that the welfare and best interests of the children required the existing arrangement be maintained.

It is from the denial of this motion that plaintiff appeals, contending she should have been awarded custody of the children since she was the natural mother, and there was no finding at any time by the trial court that she was unfit to have custody. The issue here is whether the trial court abused its discretion by refusing to modify the custody order based on the alleged changed circumstances.

We are not concerned with the question of the propriety of the trial court's action in granting the original custody order. A decree awarding custody of a child is *res judicata* with respect to the facts and circumstances existing at the time of the decree. (*Bierce v. Hanson,* 171 Kan. 422, 233 P. 2d 520.) This is an action brought to modify a custody order which had been in effect for nearly two years. The trial court is vested with continuing jurisdiction to modify a custody order when justified by a change in circumstances. (*Moran v. Moran,* 196 Kan. 380, 411 P. 2d 677; *Travis v. Travis,* 163 Kan. 54, 180 P. 2d 310.) Before a custody order will be modified the movant has the burden of showing the child can be better cared for if the requested change is granted. (*Burns v. Burns,* 177 Kan. 116, 276 P. 2d 308.) This question is subject to the sound judicial discretion of the trial court after consideration of all the facts and circumstances shown by the evidence, and on appellate review its decision will not be disturbed by this court unless there is a clear showing of an abuse of discretion. (*Kimbell v. Kimbell,* 190 Kan. 488, 376 P. 2d 881; *Hardenburger v. Hardenburger,* 216 Kan. 322, 532 P. 2d 1106.)

Here, we have an action brought by the natural mother seeking a change in custody, relieving the father of the right to the children during the school year. In a long line of cases we have held where

the issue of custody of minor children lies between the parents, the paramount question for determination is what best serves the interests and welfare of the children, and all other issues are subordinate thereto. (*Dalton v. Dalton,* 214 Kan. 805, 522 P. 2d 378; *Patton v. Patton,* 215 Kan. 377, 524 P. 2d 709; *Moran v. Moran,* supra.)

Plaintiff stresses the fact she is the natural mother of the children and has never been declared unfit. On the other hand, defendant contends a proper interpretation of our prior decisions is that a trial court is vested with discretion to award custody of children to the father even though their mother may not be found unfit to have custody. This court has always recognized the value of maternal love and care where children are of tender age, and, absent a finding of unfitness, a mother is ordinarily entitled to the custody of a child of tender years. (*Bierce v. Hanson,* supra.) There is no fixed rule, however, requiring the custody of a minor child be awarded to its mother rather than to its father. (*Moudy v. Moudy,* 211 Kan. 213, 505 P. 2d 764.) As stated in *Moudy,* the real issue is which parent will do a better job of raising the children and provide a better home environment. Where all other things are equal, children of tender age will normally be placed with their mother. (*Erikson v. Erikson,* 211 Kan. 155, 505 P. 2d 688.)

In *Bierce,* the trial court denied a motion by the mother of a young child to change the custody from the father to the mother. The mother appealed, making much the same argument as plaintiff herein. In affirming the ruling of the trial court we reviewed the evidence offered to show changed circumstances and stated we would not reverse an order of this character merely because we might entertain some doubt concerning the wisdom of the order.

Similarly, in the case of *Gardner v. Gardner,* 192 Kan. 529, 389 P. 2d 746, the trial court awarded custody of two minor children to their father. It did not find the mother to be unfit to have custody of the children. The mother appealed, arguing that since she had not been found unfit, it was an abuse of discretion to award the children to the father. This court affirmed the trial court in the following language:

"Thus, in the situation presented by the instant appeal, it was unnecessary to find one parent unfit before the other parent could be awarded custody. The fact that the trial court gave custody to the father, without finding the mother to be unfit, is not an abuse of judicial discretion so long as such decision is in the furtherance of the best interests of the children." (p. 533.)

A brief review of the relationship of the parties in the instant case might be helpful to better understand the situation confronting the trial court. Although the parties were married for nearly ten years, it appears from the record that the final years of the marriage were marked by disharmony and mutual incompatibility. Plaintiff admitted she was having an extramarital affair with her present husband, Alvin Depe, prior to her divorce and while she was still living with defendant. In her own words, she led a life that was "less than moral" and she "didn't set a good example for anyone then." In December, 1971, the parties separated, with plaintiff moving into an apartment of her own. After several months defendant moved the children to his home in Atwood, Kansas, which·has been their principal residence since that time. Less than a year after her divorce plaintiff married Depe and moved to his farm near Colby, Kansas, approximately thirty miles from defendant's farm near Atwood.

In support of her motion plaintiff emphasized the fact she was no longer teaching and would be able to give her full attention to the welfare of the children. She argues that over the last few months the children have been placed with a baby sitter by defendant for increasing periods of time. She further complains the present custody arrangement subjects the children to an unnecessary amount of shuttling back and forth between the parties' separate homes.

Despite these arguments, there was ample testimony to support the finding of the trial court that the children were progressing and maturing satisfactorily under the existing custody arrangement. In fact, plaintiff testified she was not criticizing defendant's care of the children, as she knew he loved the children and she never doubted his ability to care for them. She further testified defendant had been principally responsible for raising the children for quite a long time and during the past two years defendant had seen to it that the children were well cared for, clean, and growing emotionally. Although the son, Brad, was emotionally scarred by the divorce, plaintiff felt both children had become much more secure during the two years following the divorce and had adjusted to the situation. She also admitted that during the summer of 1972, she had been unable to handle her son and as a result she took him back to Atwood and left him with defendant.

Defendant testified that he takes the children to church, cares for them, feeds them, and looks after them when they are living

with him. He is a member of the Methodist church, belongs to the Rotary, and is involved in Boy Scouts with his son. Defendant testified that he supervises the children's bath each evening and puts them to bed. In the morning he gets them up and fixes their breakfast. He has attended all the parent-teacher conferences and has never missed a school function in which his son participated. Although defendant admits he has not had much of a personal life since the divorce, he appears willing to sacrifice it in order to care for the children.

Considered as a whole, the record is conclusive that the children are being well cared for by defendant and that under the present custody arrangement the children have adjusted to a difficult situation and are progressing normally. It was within the discretion of the trial court to decide whether the best interests and the welfare of the children would be served by changing the original custody order. We cannot say, under the circumstances shown, that the court has abused its discretion, nor was its determination against the best interests of the children, even in view of the changes which have taken place since the original order.

As a further attack on the original custody order of the trial court, plaintiff contends the effect of such an order is to create a "divided custody" situation which is necessarily detrimental to the welfare of the two children and an abuse of discretion by the trial court.

We have heretofore considered this question under circumstances similar to the instant case. In *Travis v. Travis,* supra, the father was awarded a decree of divorce on the ground of gross neglect of duty, and custody of the four-year-old son was alternated between the parents, with the mother having custody during the school year and the father having custody during the summer vacations. We held the trial court had not abused its discretion in so ordering and reasoned as follows:

". . . Of course, it may be said easily that shunting a child back and forth every few days or alternating its custody frequently is, as a matter of law, against the best interests of the child and an abuse of discretion. But that was not the order made. The periods of custody fixed are comparatively long. The trial court had the parties and the witnesses before it, it had the grave responsibility of determining the best interests of the child, and being aware of its power to change its order at any time, may well have concluded to make the order as it did and see what would develop. . . ." (p. 61.)

Although a court charged with the duty of awarding custody of a minor child clearly has the power to alternate or divide the periods

of custody between the parents, it is generally agreed that divided custody should be avoided whenever reasonably possible. (See, generally, 92 A. L. R. 2d 696.) We recognize the frequent shifting from one home environment to another could easily be detrimental to the emotional and physical well-being of any child. We do not agree with plaintiff, however, that the court's order amounts to a frequent shifting of custody. Under the express provisions of the custody order, the mother is to have custody of the children during their summer vacation from school with weekend visitation by the father, and the father is to have custody of the children during the school year with weekend visitation by the mother. In essence, the children are principally in one home for nine months of the year and the other for three months of the year. Under all the circumstances, we do not feel such changes in the environment of these children would be against their best interests. Such an arrangement permits the children to have a close relationship with both parents while providing them with the stability of having their principal home in Atwood with their father, and the opportunity to spend their vacations on the farm with their mother.

The judgment of the trial court is affirmed.

FROMME, J., not participating.