No. 48,130

DIANE PARISH, *Appellant,* v. W. SCOTT PARISH, *Appellee.*

(551 P. 2d 792)

Opinion filed June 12, 1976.

*Charles E. Henshall,* of Chanute, argued the cause, and *John C. Rubow,* of Chanute, was with him on the briefs for the appellant.

*Charles F. Forsyth,* of Erie, argued the cause, and *Clark M. Fleming,* of Erie, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by Diane Parish (plaintiff-appellant), from the trial court's order in a divorce action which awarded custody of the parties' two children to W. Scott Parish (defendant-appellee), divided the parties' property but denied alimony to her. The appellant alleges the trial court abused the exercise of its power of discretion in these three areas.

W. Scott Parish (hereafter Scott) and Diane Parish were married on July 30, 1962. Two sons were born to this marriage; Brad, age twelve and Bart, age six. When the Parishes were first married, Scott was a pharmacy student and Diane was the main breadwinner of the family. For the last six years Scott has worked as a pharmacist in Chanute and Diane has not been employed outside the home for quite a long time.

Problems developed in the marriage. The major difficulty was Diane wanted to live an active social life and Scott did not. Scott described himself as a homebody who pretty much liked to stay home. The Parishes would go out maybe one time a week which was not enough for Diane.

In August of 1974, Diane became so dissatisfied with the family life-style that she began a course of nurses training. Communications between Diane and Scott broke down. Diane filed for divorce, but the parties reconciled.

On April 8, 1975, Diane again filed for divorce, on the grounds of incompatibility, requesting custody of the children, an equitable division of property and alimony.

The trial court after hearing the evidence agreed the parties had become incompatible and granted a decree of divorce. Scott was given custody of the two children, subject to reasonable visitation by the appellant. The property was divided. Diane was not awarded alimony.

The appellant has duly perfected this appeal contending the trial court abused its discretion in making these decisions.

The appellant first contends the trial court abused its discretion in awarding the children to the appellee. This court has always recognized the value of maternal love and care where children are of tender age, and absent a finding of unfitness, a mother is ordinarily entitled to the custody of children of tender years. (*Schreiner v. Schreiner,* 217 Kan. 337, 342, 537 P. 2d 165; *Lewis v. Lewis,* 217 Kan. 366, 369, 537 P. 2d 204; and *St. Clair v. St. Clair,* 211 Kan. 468, 507 P. 2d 206.) This rule is applied because in most cases the mother is more available in the home. (*Patton v. Patton,* 215 Kan. 377, 379, 524 P. 2d 709.)

However, no fixed rule requires that custody of minor children be awarded to their mother rather than to their father. (*Lewis v. Lewis,* supra at 369; *Hardenburger v. Hardenburger,* 216 Kan. 322, 532 P. 2d 1106; *Moudy v. Moudy,* 211 Kan. 213, 505 P. 2d 764; and *Gardner v. Gardner,* 192 Kan. 529, 389 P. 2d 746.) Thus, while the appellee's answer to the appellant's divorce petition admitted the appellant was a fit and proper person to have custody of the children, the appellant is not automatically entitled to their custody.

In determining the right of custody of children between parents, the primary consideration is the best interest and welfare of the children, and all other issues are subordinate thereto. (*Schreiner v. Schreiner,* supra at 342-343; and *Lewis v. Lewis,* supra at 369.) Which parent will do a better job of rearing the children and providing a better home environment is highly relevant. (*Patton v. Patton,* supra at 379; and *Hardenburger v. Hardenburger,* supra.)

No witness testified Scott would not be a good father for the boys. After working nine or ten hours a day, Scott found time to coach baseball, play golf with Brad and take the boys horseback riding and fishing.

On the other hand, the trial court found the appellant was frequenting taverns or private clubs in the absence of her husband,

keeping extremely late hours away from home, and leaving public places in the company of other men. On these occasions Scott was home with the boys.

The judgment of the trial court, who is in the most advantageous position to judge how the interest of the children may best be served, should not be disturbed without an affirmative showing of abuse of discretion. No abuse of discretion is shown in the court's custody award under the facts and circumstances involved.

The appellant next contends the trial court abused its discretion in dividing the parties' property between them. Scott's financial statement showed he had a 1974 income of $32,000. When first arriving in Chanute, the Parishes had nothing in the way of material wealth. When the divorce was filed, the Parishes had a net worth of $75,318. Diane was not awarded alimony, but was given the following items:

"Any cash on hand now in her possession; Items of personal furniture obtained by her as keepsakes from her family;

"Sewing machine, and furniture ordinarily used by the wife;

"Her dishes, china, silverware, and such items as a woman ordinarily brings into a marriage through savings or gifts;

"1972 Buick automobile;

"General obligation bonds of approximate value of $26,000.00;

"Certificate of deposit, approximate value of $5,300.00;
and including the diamond ring of the plaintiff."

The value of this award is well over $33,000.00.

Scott was awarded the family home valued at $38,000, but subject to a $17,298.18 mortgage. He was also awarded the "cash on hand now in his possession," the household furnishings except those specifically set over to the appellant, his business inventory and equipment, an older automobile, some pharmaceutical stock valued at $320, and a Keough Plan and annuity and mutual funds valued at $7,300. The appellee was further ordered to pay the sum of $650 for the appellant's attorney fee.

K. S. A. 1975 Supp. 60-1610 (*b*) directs the court to divide the parties' property in a just and reasonable manner. The division of property made by the trial court in a divorce proceeding will not be modified or set aside absent a clear abuse of discretion. (*Wofford v. Wofford*, 214 Kan. 450, 452-453, 520 P. 2d 1278; and *Downing v. Downing*, 218 Kan. 549, 542 P. 2d 709.)

In determining a just and reasonable division of property, the trial court should take into consideration the following factors: (1)

The ages of the parties; (2) the duration of the marriage; (3) the property owned by the parties; (4) their present and future earning capacities; (5) the time, source and manner of acquisition of property; (6) family ties and obligations; (7) the question of fault when determined; and (8) the allowance of alimony or lack thereof. (*LaRue v. LaRue*, 216 Kan. 242, 250, 531 P. 2d 84; and *Downing v. Downing*, supra at 550.)

In a divorce case, a decision as to care of the minor children, maintenance of the parties, and division of property cannot be made intelligently without regard to the others. (*Wofford v. Wofford*, supra at 451.) Here the trial court gave the appellee custody of the children, and therefore set over to him the home and furnishings. The appellant was given her personal belongings, a car and the rest of the "liquid" assets the parties had accumulated. The value of the property awarded was about equal. This is within the trial court's discretion.

The large property award to the appellant was given so she could complete nursing school and begin a job. It is not mandatory a wife be awarded alimony. (K. S. A. 1975 Supp. 60-1610 [c]; *Lavery v. Lavery*, 208 Kan. 603, 492 P. 2d 1311; *Wofford v. Wofford*, supra; and *McClaren v. McClaren*, 214 Kan. 217, 519 P. 2d 720.) The trial court has wide discretion when it comes to matters relating to alimony, and its judgment in awarding alimony will not be disturbed absent a clear abuse of discretion. (*Wofford v. Wofford*, supra at 452-453.) No such abuse of discretion is shown here.

In *Stayton v. Stayton*, 211 Kan. 560, 506 P. 2d 1172, abuse of judicial discretion was described as:

"Judicial discretion is abused when judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court then it cannot be said that the trial court abused its discretion. All judicial discretion may thus be considered as exercisable only within the bounds of reason and justice in the broader sense, and only to be abused when it plainly overpasses those bounds." (p. 562.)

(See also, *LaRue v. LaRue*, supra at 249-250; and *Trompeter v. Trompeter*, 218 Kan. 535, 542, 545 P. 2d 297.)

After a careful review of the entire record we cannot say the trial court abused its discretion in its custody award, in dividing property, or in refusing to award the appellant alimony.

Two evidentiary matters remain to be resolved. Two witnesses testified on behalf of the appellant. They stated they found nothing to criticize in her conduct. The trial court then stated:

". . . It really disturbs me to hear wives and mothers testify that they could find nothing to criticize in the conduct of the plantiff that she testified to this morning. They weren't asked to condemn her but they simply said they found nothing to criticize in her conduct. And to me that substantially destroys the weight of their testimony in their opinion evidence. . . ."

The trial court as the trier of fact is the sole judge of the credibility of witnesses and of the weight to be given the evidence presented at the trial. (*LaRue v. LaRue,* supra.)

In *Collins v. Merrick,* 202 Kan. 276, 448 P. 2d 1, it was said:

"A trial court cannot arbitrarily or capriciously refuse to consider the testimony of any witness, but it is not obliged to accept and give effect to any evidence which, in its honest opinion, is unreliable, even if such evidence be uncontradicted." (Syl. 3.)

(See also, *Beard v. Montgomery Ward & Co.,* 215 Kan. 343, 348, 524 P. 2d 1159; and *Jensen v. Jensen,* 205 Kan. 465, 470 P. 2d 829.) No abuse of discretion is shown in the trial court's ruling.

The appellant argues the trial court heard evidence concerning activities subsequent to the filing of the divorce action, but it refused to hear evidence of a fight between the parties after the filing of the divorce action. The trial court admitted evidence of the appellant's activities subsequent to the filing of the divorce action for the purposes of awarding custody. Parental misconduct, even after filing of the divorce action, may be relevant in awarding custody. (24 Am. Jur. 2d, Divorce & Separation, § 788, p. 895; *McClaren v. McClaren,* supra; and *Dalton v. Dalton,* 214 Kan. 805, 522 P. 2d 378.) The evidence the appellant attempted to introduce concerning the parties' fight was not related to the custody question, and the trial court properly ruled it immaterial where the divorce action was based on incompatibility.

In view of our decision, other points raised on appeal become immaterial and need not be discussed or decided.

The judgment of the lower court is affirmed.