(571 P.2d 56)

No. 48,791

ARDITH J. CARNEY, *Appellant,* v. FRANK L. CARNEY, *Appellee.*

Petition for review denied September 28, 1977.

Opinion filed August 5, 1977.

*H. E. Jones* and *J. Michael Kennalley,* of Hershberger, Patterson, Jones & Roth, of Wichita, for the appellant.

*Jerry G. Elliott* and *Christopher P. Christian,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for the appellee.

Before SPENCER, P.J., PARKS and SWINEHART, JJ.

PARKS, J.: This is an appeal from an order denying modification of a divorce decree. The parties, plaintiff Ardith J. Carney (Rickbeil) and defendant Frank L. Carney, mutually agreed upon the terms of a restrictive travel provision. The court, after finding the agreement to be valid, just and equitable, incorporated it into the decree of divorce.

Alleging changed circumstances, plaintiff seeks relief from the requirement that she obtain court approval prior to removing the six minor children from the state for more than 30 days during any calendar year.

The issue on appeal is whether the trial court abused its discretion in refusing to modify the travel restrictions.

The same considerations which determine the custody of children are applied to the question of removal of children from the state. Of primary concern are the best interests and welfare of the children; all other issues are subordinate. (*Parish v. Parish,* 220 Kan. 131, 551 P.2d 792; *Schreiner v. Schreiner,* 217 Kan. 337,

342-343, 537 P.2d 165; *Lewis v. Lewis,* 217 Kan. 366, 369, 537 P.2d 204.)

Plaintiff takes the position that her changed circumstances were sufficient justification for modification of the travel restrictions. Appellate courts cannot nullify a trial court's disbelief of evidence, nor can they determine the persuasiveness of evidence which a trial court may have believed. Therefore, the trial court's finding that plaintiff did not establish entitlement to the relief sought will not be disturbed on this appeal. (*Highland Lumber Co., Inc. v. Knudson,* 219 Kan. 366, 548 P.2d 719.)

Plaintiff knowingly and intelligently entered into the separation agreement with full knowledge of the meaning of the travel provision. She now complains that her constitutional rights have been violated. An individual may waive constitutional provisions intended for her benefit, especially where no question of public policy or public morals is involved. (16 Am.Jur.2d, Constitutional Law § 131, p. 328.) One who waives her constitutional rights cannot subsequently contend that they have been violated. (*Wall v. Parrot Silver & Copper Co.,* 244 U.S. 407, 61 L.Ed. 1229, 37 S.Ct. 609.) Having waived her right to take the children from the state for more than 30 days, without approval of the court, plaintiff has no standing to contest the travel provision.

Discretion may be defined as the freedom to act according to one's judgment. Judicial discretion implies the liberty to apply the rules and analogies of the law to the facts found after weighing and examining the evidence. It is well settled that the appellant must establish a clear abuse of judicial discretion before an appellate court will overturn the exercise of a trial court's discretion. (*Reedy v. Reedy,* 175 Kan. 438, 440, 264 P.2d 913, and cases cited therein.)

No abuse of discretion of the trial court having been shown, the judgment is affirmed.