(611 P.2d 158)

No. 51,444

GROVER HILL, *Appellee,* v. LINDA HILL, *Appellant.*

Opinion filed May 16, 1980.

*Randall W. Weller,* of Jones, Weller & Elliott, of Hill City, for the appellee.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

FOTH, C.J.: This is an appeal by Linda Hill from a post-divorce change-of-custody order in favor of her former husband, Grover Hill. The issue is whether the trial court is empowered to make such an order in the absence of a change of circumstances since the time of the divorce.

The parties were married May 10, 1974, and are the natural parents of a son, Brian, born September 18, 1975. On November 28, 1978, Grover filed a petition for divorce along with Linda's entry of appearance and voluntary waiver of service and notice of hearing. In the petition he alleged that Linda was a proper person to have custody of the child. A default divorce decree was filed March 5, 1979, incorporating and approving a property settlement agreement executed by the parties which provided for custody in Linda subject to Grover's reasonable visitation rights. Grover filed the instant motion for change of custody July 5,

1979, and Linda subsequently filed a motion to terminate or modify visitation rights. A hearing on both motions was held August 9, 1979.

At the hearing it appeared that the parties had separated late in October, 1978, some two months before the divorce action was filed. Linda testified that she and Brian moved in with one Larry Holden in Aztec, New Mexico a short time later. Linda, Brian, Holden and his older brother had lived in a two bedroom trailer house from that time until the date of the custody hearing. Grover testified that at the time of the divorce he had "suspicions" about Linda's living arrangements, and that someone told him about it at about that time, but he had no positive knowledge until some time later.

At the conclusion of the hearing the trial court made the following findings of fact:

"1. Each of the parties desires custody of the parties' minor child, Brian Dean Hill.

"2. Each of the parties has a proper place to care for the child.

"3. That each party resides at the respective residence occupied by each party at the time of the divorce, on March 5, 1979.

"4. Each party has and does take care of the child properly, and sees that the child is clean, well fed and gets a daily bath.

"5. It would be in the best interest of the parties' minor child, Brian Dean Hill, born September 18, 1975, that custody be changed from Linda Hill, his mother, to his father, Grover J. Hill, and that said change should take place forthwith."

As may be seen, there is no finding of a change of circumstances since the original custody order—in fact, finding No. 3 is to the effect that there has been no change. A reading of the trial court's oral remarks at the close of the hearing reinforces the conclusion that the order was based on a simple "best interests" finding, and not on a "change of circumstances" finding. The deciding factors seemed to be the mother's living style, which the trial court couldn't "condone," and the more commodious living quarters available in the father's house. Neither of those elements had changed since about two months before the divorce.

Kansas law in this area appears clear to us. "The trial court has continuing jurisdiction over custody of minor children in a di-

vorce action and may, on proper motion and notice, change or modify any prior order of custody *when a material change in circumstances is shown." Hardenburger v. Hardenburger,* 216 Kan. 322, Syl. ¶ 1, 532 P.2d 1106 (1975) (Emphasis added). In applying that rule, it is well settled that a decree awarding child custody is res judicata with respect to the facts existing at the time of the decree. *Simmons v. Simmons,* 223 Kan. 639, 642, 576 P.2d 589 (1978); *Lewis v. Lewis,* 217 Kan. 366, 368, 537 P.2d 204 (1975). It is immaterial that the original custody order is based on the parties' settlement agreement and not on evidence presented at a contested hearing. In *Hardman v. Hardman,* 203 Kan. 825, 827, 457 P.2d 86 (1969), the court stated:

"The general rule is that the court's judgment is conclusive and final as to matters and facts which were actually litigated and determined. *Not only is everything adjudicated between the parties which the parties chose to litigate, but everything incidental thereto, and which properly could have been litigated with due diligence."* (Emphasis added.)

*Hardman* also was an uncontested divorce in which no evidence on the fitness of either party was introduced. Yet on a subsequent motion to change custody the court held that the issue of custody *had been adjudicated* and was res judicata as to events occurring prior to the uncontested divorce, that a finding of parental fitness was inherent in the trial court's original custody order, and that evidence of predivorce occurrences was inadmissible. 203 Kan. at 827-8. The court summarized:

"This is a change of custody case. Inquiry is always permitted on the issue of custody when the circumstances have changed. However, the facts and circumstances embraced in the issue on which the prior order of custody rested are *res judicata.* (See *Wear v. Wear,* 130 Kan. 205, 285 Pac. 606.)

"The doctrine of *res judicata* applies to an order awarding custody of a minor in that a court cannot reexamine the facts formerly adjudicated and make a different order thereon. There must be a substantial change of circumstances, presenting a new case, before the court may make a substantial change in the custody order. (*White v. White,* 160 Kan. 32, 43, 44, 159 P.2d 461; *Lyerla v. Lyerla,* [195 Kan. 259, Syl. ¶ 3, 403 P.2d 989 (1965)]; 92 A.L.R.2d [Anno: Children—Alternate Custody] p. 736.)" 203 Kan. at 828.

In this case it is apparent that the trial court entered its order as if the question of custody was before it for the first time. Were that so, we would readily affirm, for there would be no abuse of discretion. However, as we read the cases, the court here was not free to act as if it was writing on a clean slate. In the absence of

fraud or some other ground for setting aside the original decree—and none was alleged—the previous judgment was binding on both the court and parties until a change of circumstances was shown.

The judgment of the trial court insofar as it changed custody, is reversed.