(636 P.2d 200)

No. 52,783

RUTH ANN ROSENBERG, *Appellee,* v. DONALD N. ROSENBERG, *Appellant.*

Opinion filed November 19, 1981.

*P. J. Conderman* and *Robert V. Talkington,* of Iola, for the appellant.

*Harry L. Depew* and *Douglas D. Depew* of the Depew Law Firm, of Neodesha, for the appellee.

Before JUSTICE McFARLAND, presiding, SPENCER, J., and MARVIN O. BRUMMETT, District Judge Retired, assigned.

BRUMMETT, J.: This is a matter of custody between divorced parents of minor children.

Appellant and appellee were divorced August 30, 1976. Appellant was served by publication and appellee was granted a default divorce with custody of the two minor children granted to appellee. A motion for change of custody was filed by appellant on February 29, 1980. On November 19, 1980, the trial court entered its memorandum decision and journal entry denying appellant's motion.

Further recitation of the facts is not necessary for determination of this appeal. Considerable evidence was introduced by the parties. The court, on deciding the custody matter, stated:

"[T]he Court is not free to act as if it were writing on a clean slate as the primary issue of custody has already been determined at the time the divorce was granted in 1976. In the absence of fraud or some other ground for setting aside the original decree, and none here is alleged, the previous judgment is binding on both the Court and the parties until a change of circumstances is shown of such a nature that the Court is convinced that a change of custody is warranted."

and made the following conclusions of law:

"2. A decree awarding child custody is res judicata with respect to the facts existing at the time of the decree. It is immaterial that the original custody order is based on a default hearing and not on evidence presented at a contested hearing. The Court's judgment is conclusive and final as to matters and facts which were actually litigated and determined. Not only is everything adjudicated between the parties which the parties chose to litigate, but everything incidental thereto, and which properly could have been litigated with due diligence.

"3. The doctrine of res judicata applies to an order awarding custody of a minor in that a court cannot re-examine the facts formerly adjudicated and make a different order thereon. There must be a substantial change of circumstances, presenting a new case, before the court may make a substantial change in the custody order."

It is apparent the trial court only considered evidence after the date of the divorce. It is also apparent a change of custody was determined to be proper essentially in a change of circumstances.

The law is well settled in Kansas that the paramount consideration involving custody is the best interests of the minor children. It is so ingrained in our judicial system that authority is not necessary. K.S.A. 1980 Supp. 60-1610(*b*).

Generally, a decree awarding child custody is res judicata with respect to the facts existing at the time of the decree. *Lewis v. Lewis,* 217 Kan. 366, 368, 537 P.2d 204 (1975).

In *Hill v. Hill,* 228 Kan. 680, 620 P.2d 1114 (1980), the court considered the doctrine of res judicata vis-a-vis the best interests of the children in a change of custody action in which the original custody order was based on a default proceeding. The trial court in *Hill* ordered the change of custody based upon the best interests of the child. The Court of Appeals reversed, holding the trial court's order was res judicata as to all matters which had been or could have been litigated on that date, and therefore a change of custody required a change of circumstances since the original decree. The Supreme Court reversed the Court of Appeals, stating:

"The rule requiring a material change in circumstances is judicially imposed. Its purpose is to prevent the relitigation of issues already presented to and determined by a trial court. The purpose of the rule is meritorious; nevertheless, it should not prevent a trial court from hearing evidence which it has not previously heard and considered, and which bears upon the principal issue: the best interests of the child. When the judicial rule prevents a trial court from considering relevant evidence which it has not heard, and from basing its decision at least in part upon that evidence, the rule conflicts with the best interest guideline established by legislative and decisional law.

"We hold that, where a custody decree is entered in a default proceeding, and the facts are not substantially developed and presented to the court, the trial court may later, in its discretion, admit and consider evidence as to facts existing at the time of the earlier order, and upon the full presentation of the facts the court may enter any order which could have been made at the initial hearing whether a 'change in circumstances' has since occurred or not." 228 Kan. at 685.

This case is reversed and remanded for further hearing as to change of circumstances and a determination of the best interests of the children.

Appellee's motion for attorney fees and expenses on appeal is denied.