(636 P.2d 224)

No. 52,420

Linda K. Anhalt, *Appellant,* v. Jack G. Fesler, *Appellee.*

Opinion filed November 25, 1981.

*Roger L. Gossard* of Becker, Hildreth, Eastman and Gossard, of Coffeyville, for the appellant.

*Joe L. Levy* of Hall, Levy, Lively, Viets & DeVore, of Coffeyville, for the appellee.

Before Justice McFarland, presiding, Spencer, J., and Marvin O. Brummett, District Judge Retired, assigned.

Brummett, J.: Involved in this appeal is the question of custody of minor children of divorced parents.

There is no substantial controversy with regard to the facts. Appellant and appellee were divorced on November 14, 1979. Under a written stipulation, custody of the minor children was awarded to appellant. Certain visitation rights were granted to appellee. The agreement was approved and adopted by the district court.

On March 15, 1980, appellant remarried and thereafter moved to Florida, without securing a court order. Shortly thereafter, appellee was notified of the change of appellant's address. Ap-

pellee filed a motion for change of custody, alleging appellant was in contempt of court inasmuch as she removed the minor children from the jurisdiction of the court without securing a court order, and appellee was thereby prevented from exercising visitation rights. Appellee further alleged appellant's present husband had three children in his custody.

On July 8, 1980, the district court issued its order changing custody from the appellant to the appellee. The only reason set out by the court in its order for the change of custody was "[t]hat there has been a substantial change in the conditions and circumstances and that it would be in the best interest of the children to change the care, custody and control from the plaintiff to the defendant." The court made no findings as to what constituted change of circumstances. However, the record is replete with the court's comments about church attendance by the minors, such as:

"[T]he Court feels like it's better for the children that we would have a change of custody based upon the fact that they are not—they have always been raised in the church. They went to the church. Been down there now since March, April, May, June, and they just hadn't got time to get into the church . . . ."

"I'll tell you, I want them both to be in church, the children and the man."

" . . . I think that they should be in church."

"All I'm saying is they will be—go to church. I'd like to have them go to church or Sunday school when they're—when they haven't at their mother's . . . ."

Although church attendance was not specified in the court order changing custody, it was an integral part of the decision.

Appellant bases her grounds for appeal upon four alleged trial errors: (1) Defendant failed to meet the burden of proving a change in custody was warranted in the best interests of the minor children; (2) there was no evidence of any substantial change in circumstances to justify the change of custody; (3) the court abused its discretion in changing custody of the minor children; and (4) the court considered the question of religion and church attendance in determining custody of the minor children; that such consideration is in violation of religious freedom and guarantees under the State and Federal Constitutions, and is not a relevant reason to modify custody in Kansas.

The four grounds as offered overlap. Reduced to simplest terms, they assert insufficient evidence to justify a finding of changed circumstances, and that the trial court erroneously al-

lowed the matter of religion to be an integral part of its decision to change custody.

The trial judge found only that there had been a substantial change in the conditions and circumstances, without specific findings as to the nature of those changes. Although the record reveals there must necessarily have been a change of circumstances occasioned by plaintiff's remarriage and her move to Florida, there is no indication that the trial judge considered anything beyond the matter of religious training for the children.

Removal of children from the state was considered in *Carney v. Carney*, 1 Kan. App. 2d 544, 544-45, 571 P.2d 56, *rev. denied* 222 Kan. 749 (1977), wherein it was stated:

"The same considerations which determine the custody of children are applied to the question of removal of children from the state. Of primary concern are the best interests and welfare of the children; all other issues are subordinate. (*Parish v. Parish*, 220 Kan. 131, 551 P.2d 792; *Schreiner v. Schreiner*, 217 Kan. 337, 342-343, 537 P.2d 165; *Lewis v. Lewis*, 217 Kan. 366, 369, 537 P.2d 204.)"

Religion and church attendance, although factors to be considered, are not alone sufficient to determine the best interests of minor children. In *Jackson v. Jackson*, 181 Kan. 1, 309 P.2d 705 (1957), it was stated:

"[T]he question of religion cannot be regarded by the court in determining the care, custody and control of minor children. The courts have no authority over that part of a child's training which consists in religious discipline, and in a dispute relating to custody, religious views afford no ground for depriving a parent of custody who is otherwise qualified." Syl. ¶ 5.

"Religious freedom, as guaranteed by our Constitution, should be faithfully upheld, and religious teachings to the children by a parent or parents, regardless of how obnoxious the same might be to the Court, the other parent or the general public should not and must not be considered as basis of making child custody orders." Syl. ¶ 6.

See also *Beebe v. Chavez*, 226 Kan. 591, 602 P.2d 1279 (1979).

In this case the court appears to have substantially based its custody determination on church attendance. After hearing four out of six witnesses testify as to church attendance (among other things), the court stated:

"[I]t's better for the children that we would have a change of custody based upon the fact that they are not—they have always been raised in the church."

We note the trial court viewed its role as being limited to whether sufficient change of circumstances existed to warrant change of custody. Custody of the children was awarded to

appellant-mother at the time of the divorce decree on the basis of the written stipulation of the parties. Custody then was not a true judicial determination and was more akin to the award of custody in a default proceeding.

In *Rosenberg v. Rosenberg,* 6 Kan. App. 2d 882, 636 P.2d 200 (1981), it was held:

"Where a custody decree is entered in a default proceeding, and the facts are not substantially developed and presented to the court, the trial court may later, in its discretion, admit and consider evidence as to facts existing at the time of the earlier order, and upon the full presentation of the facts the court may enter any order which could have been made at the initial hearing whether a change of circumstances has since occurred or not." Syl. ¶ 3.

We see no reason the rule enunciated in *Rosenberg* (following *Hill v. Hill,* 228 Kan. 680, 620 P.2d 1114 [1980]) should not apply with equal force to custody decrees entered upon written stipulation of the parties.

After review of this record, we are not prepared to say the trial judge erred in concluding the interests of the minor children would best be served by a change of custody. However, we are forced to conclude that such an order based primarily on the matter of religion is not proper, and that this cause should be remanded for that reason.

The custody order entered herein is set aside and this cause is remanded to the district court for further hearing and determination of custody based on the present best interests of the minor children, all in accord with this opinion.