(707 P 2d 1082)
No. 57,33▮

RICHARD B. STOVALL, *Appellee,* v. CYNTHIA S. STOVALL, *Appellant.*

Opinion filed May 31, 1985.

*David R. ·Gilman,* of Overland Park, for the appellant.

*William R. Grimshaw,* of Grimshaw & Rock, Chartered, of Olathe, for the appellee.

Before FOTH, C.J., MEYER and BRISCOE, JJ.

BRISCOE, J.: Cynthia S. Stovall, respondent-appellant, appeals an order requiring her to pay child support.

The sole issue raised on appeal is whether res judicata precluded the trial court from awarding child support. Cynthia claims that because an order dated January 25, 1984, which awarded custody of a minor child of the parties, did not award child support, res judicata prevented Richard from seeking child support five weeks later unless he could establish a change in circumstances. Cynthia claims it was error to award child support because there was no change in circumstances.

K.S.A. 60-1610(a) gives the trial court authority to award child support and to make modifications "when a material change in circumstances is shown." In *Hardman v. Hardman,* 203 Kan. 825, 827, 457 P.2d 86 (1969), the court stated:

"The general rule is that the court's judgment is conclusive and final as to matters and facts which were actually litigated and determined. Not only is everything adjudicated between the parties which the parties chose to litigate, but everything incidental thereto, and which properly could have been litigated with due diligence."

This general rule was modified in *Hill v. Hill*, 228 Kan. 680, 620 P.2d 1114 (1980):

"[W]here a custody decree is entered in a default proceeding, and the facts are not substantially developed and presented to the court, the trial court may later, in its discretion, admit and consider evidence as to facts existing at the time of the earlier order, and upon the full presentation of the facts the court may enter any order which could have been made at the initial hearing whether a 'change in circumstances' has since occurred or not. Our statements to the contrary in *Hardman v. Hardman*, 203 Kan. 825, . . . and in the other cases cited in the Court of Appeals decision, [*Hill v. Hill*], 5 Kan.App.2d 1, are overruled." 228 Kan. at 685.

Under *Hill*, it is no longer necessary that a movant demonstrate a change in circumstances to be entitled to relief when the issue was not previously litigated. The record does not reveal that any facts regarding the parties' financial resources were developed and presented to the court prior to the change of custody being granted on January 25, 1984.

*Rosenberg v. Rosenberg*, 6 Kan. App. 2d 882, Syl. ¶ 3, 636 P.2d 200 (1981), *rev. denied* 231 Kan. 801 (1982), is analogous:

"Where a custody decree is entered in a default proceeding, and the facts are not substantially developed and presented to the court, the trial court may later, in its discretion, admit and consider evidence as to facts existing at the time of the earlier order, and upon the full presentation of the facts the court may enter any order which could have been made at the initial hearing whether a change of circumstances has since occurred or not."

The instant case originated from a joint motion for change of custody. The parties did not litigate the issue of child support before the district court in connection with the change of custody. Therefore, the district court properly held the motion for support was not res judicata.

Affirmed.