No. 46,204

JOAN LAVERY, *Appellee,* v. THOMAS J. LAVERY, *Appellant.*

(492 P. 2d 1311)

Opinion filed January 22, 1972.

*Paul L. Armstrong,* of Columbus, argued the cause, and *Donald L. Allegrucci,* of Pittsburg, and *John Marshall,* of Las Vegas, Nevada, appeared on the brief for the appellant.

*Robert J. Fleming,* of Pittsburg, argued the cause, and *Perry Owsley,* of Pittsburg, appeared on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: This is an appeal by the defendant husband in a divorce action from a judgment granting a divorce to the plaintiff wife. One of appellant's two points relied on was abandoned on oral argument before this court, leaving as the sole question to be decided whether the trial court abused its discretion in dividing the marital estate.

At the time of the divorce the parties had been married over sixteen years, and had been separated for the last two. They had two children, eleven and five years old, whose custody was awarded to their mother.

The bone of contention is the family residence, variously valued at $18,200, $26,000 and $32,000, but accepted by the parties for the sake of argument as being worth $26,000, virtually clear of encumbrances.

Apart from the home the court awarded:

To the wife:

| | |
|---|---|
| Household furnishings | $2,300.00 |
| One-half savings account | 550.00 |
| | $2,850.00 |

To the husband:

| | |
|---|---|
| Automobile | $2,020.00 |
| Corporate stock | 600.00 |
| One-half savings account | 550.00 |
| Life insurance (cash surrender value) | 4,419.30 |
| | $7,589.30 |

(The life insurance was subject to an order that $20,000 in face value be maintained payable to the children during their minority. Its total face value does not appear.)

To this point the husband was almost $5,000 ahead. There remained, however, the $26,000 represented by the home, and the question of alimony. The trial court's feeling was expressed in announcing his final decision:

"I am still of the same opinion that in cases of this type where there are minor children that have to be reared in the home, that rather than grant an alimony judgment that the division of property and alimony should be put in one judgment."

The result was that the wife was awarded no alimony, but the home was awarded to her with the journal entry reciting that such award was "as a division of property and in lieu of alimony."

It would be wholly fruitless to speculate as to how much this court, collectively or individually, would have regarded proper as alimony or would have awarded by way of property division. Any course other than that taken by the trial court would have required a sale of the home, leaving the mother and two children to find shelter elsewhere, or at least the imposition of some sort of lien in favor of the husband. We cannot say that the equities of the entire domestic situation *required* either course.

We are satisfied that the trial court exercised its discretion well within the bounds outlined in such cases as *Preston v. Preston,* 193 Kan. 379, 394 P. 2d 43; *Zeller v. Zeller,* 195 Kan. 452, 407 P. 2d 478; and *Clugston v. Clugston,* 197 Kan. 180, 415 P. 2d 226. Its judgment is therefore affirmed.

APPROVED BY THE COURT.

OWSLEY, J., not participating.