No. 47,765

Rhett A. Downing, *Appellee,* v. Nita Marie Downing, Appellant.

(542 P. 2d 709)

Opinion filed
January 24, 1976.

*J. Stephen Nyswonger,* of Braun & Nyswonger, of Garden City, argued the cause, and *Lelyn J. Braun,* of the same firm, was with him on the brief for the appellant.

*William B. Bolin,* of Fleming, Haag, Hope, Mills & Bolin, of Garden City, argued the cause and was on the brief for the appellee.

*Per Curiam:* The parties to this lawsuit were married December 22, 1968. The union produced two daughters. On August 9, 1973, the plaintiff, Rhett A. Downing, sued for divorce, alleging incompatibility. His wife, Nita Marie Downing, the defendant, cross filed, asserting the same ground.

A divorce was granted to Rhett, and Nita Marie has appealed. She contends the trial court abused its discretion in making a disproportionate division of the property.

Briefly stated, the district court awarded Nita Marie the following property, free and clear of encumbrance: the home and furnishings, $27,500; Oldsmobile station wagon, $5000; ¼ interest in farm lands, $21,500 (inherited by Rhett from his father in June 1971). The court also directed Rhett to pay (1) $275 per month alimony for eleven years; (2) $125 per month support for each child; (3) marital debts estimated at $2500; and (4) fees for Nita Marie's attorney not to exceed $1900. Rhett was further required to maintain health and medical insurance on the two girls at the then present levels.

Awarded to Rhett was a Datsun car (purchase price $5555.61), subject to a mortgage balance of $4900, and one-half (½) the stock of Santa Fe Motors Inc. of Deerfield, Kansas, said business having a book value of $454,250. Rhett was also given his one-half (½) share of the company's anticipated 1973 net profits of about $30,000.

In a divorce action the district court is vested with broad discretion in adjusting property rights, and its exercise of that discretion will not be disturbed on appeal absent a clear showing

of abuse. (*Almquist v. Almquist,* 214 Kan. 788, 522 P. 2d 383; *Wofford v. Wofford,* 214 Kan. 450, 520 P. 2d 1278.)

Factors to be considered are ages of the parties and the property owned by each; duration of the marriage; earning capacities; the time, source and manner of acquiring the property; family ties and obligations; questions of fault when determined; and allowance of alimony or lack thereof. (*LaRue v. LaRue,* 216 Kan. 242, 531 P. 2d 84.)

In *Stayton v. Stayton,* 211 Kan. 560, 562, 506 P. 2d 1172, this court said "discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court then it cannot be said that the trial court abused its discretion."

Employing these guidelines in measuring the equities, we can not find an abuse of judicial discretion. The marriage was of short duration, breaking up in less than five years. Rhett inherited the great bulk of the marital property just two years before the marriage foundered. Finally, Nita Marie was awarded a healthy chunk of alimony in addition to a substantial amount of tangible property. We believe the judgment entered by the court does not surpass the bounds of reason.

In view of our holding in this case, we find it unnecessary to rule on appellee's motion to dismiss the appeal.

The judgment of the trial court is affirmed.