No. 56,010

Arnold Clark, *Appellee*, v. Jean Clark, *Appellant*.

(696 P.2d 1386)

Opinion filed March 2, 1985.

*Allen Shelton*, of Clark & Shelton, P.A., of Hill City, argued the cause and was on the briefs for appellant.

*Gene F. Anderson*, of Kent, Wichman & Anderson, of Hays, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Miller, J.: This is a divorce case. The respondent wife, Jean Clark, appeals from the trial court's order and judgment dividing the property and refusing to award alimony. The Court of Appeals, in an unpublished opinion, approved the division of property but reversed and remanded with directions to award alimony to the wife in an amount to be determined by the trial court. We granted review.

We first turn to the factual background. The parties were married on August 19, 1974. Divorce was granted on May 13, 1983, so the marriage existed for a little less than nine years. Two children were born of the marriage, Robert, now nine years of age, and Lora, now almost six. Throughout the marriage, except for short periods of time surrounding the birth of the children, Jean has worked as a waitress. Her earnings are approximately $200 per month. When the children are not in school, she pays about half of her earnings for babysitters. Prior to 1981, Arnold worked in the construction business and also worked as a truck driver, hauling milk for his father. In 1981, the parties bought a milk route for $17,500, borrowing all of the money from a local bank. The balance on that indebtedness at the time of trial was $8,228. They also bought two trucks with which to haul milk, a 1978 International and a 1981 GMC. At the time of trial, they owed $89,050 on the trucks. The International has some 296,000

miles on it, the GMC about 84,000. The parties owned their home, valued at $13,700, on which there is a mortgage of $7,000. They also owned several other motor vehicles: an AMC Eagle, valued at from $7,500 to $8,500; motorcycles and a Jeep valued at a total of $1,325; and a Pontiac TransAm valued at $6,300. While the case was pending, Arnold purchased a Chevrolet Blazer, worth about $1,000 more than the $13,214 mortgage against it. The parties had household goods and furniture valued at $1,000, and life insurance policies and mutual funds with a value of $1,277. Arnold also had tools which are valued at $500. The most valuable asset of the parties is the milk route. Arnold testified that he bought it for $17,500, that he has added several new milk producers, and that in his opinion the route is now worth $25,000. An economist retained by Jean testified that in his opinion the value of the route, depending on the rate of capitalization, is somewhere between $73,365 and $96,485, over and above the physical assets of the business.

The trial court found the value of the milk route to be $25,000. The Court of Appeals accepted that valuation, as do we. When the trial court has made findings of fact, the first function of this court is to determine whether the findings are supported by substantial, competent evidence. In making that determination, we consider the evidence favorable to the successful party. If there is substantial evidence to support the findings, it is of no consequence that there may have been contrary evidence adduced which, if believed, would have supported a different finding. *Waggener v. Seever Systems, Inc.*, 233 Kan. 517, 525, 664 P.2d 813 (1983). Here there was substantial, competent evidence to support the trial court's finding as to value of the route.

The trial court awarded the route to the husband, but required him to pay to the wife about half of the value, or $12,600, payable in monthly installments of $350 each for a period of 36 months. The trial court's division of property can best be demonstrated by the following table:

Awarded to Jean Clark:

| Item | Value |
| --- | --- |
| The home | $ 13,700 |
| AMC Eagle automobile | 7,500 |
| Furniture | 1,000 |

| | | |
|---|---|---|
| 1/2 value of route | 12,600 | |
| TOTAL | $ 34,800 | $ 34,800 |
| Less: Mortgage on home | | 7,000 |
| Net Value | | $ 27,800 |

Awarded to Arnold Clark:

| | | |
|---|---|---|
| Insurance & Mutual Funds | $ 1,277 | |
| Milk trucks | 78,700 | |
| Blazer | 14,214 | |
| Pontiac TransAm | 6,300 | |
| Tools | 500 | |
| Motorcycles & Jeep | 1,325 | |
| Milk Route | 25,000 | |
| TOTAL | $127,316 | $127,316 |
| Less: Loan on Route | $ 8,228 | |
| Loan on Trucks | 89,050 | |
| Loan on Blazer | 13,214 | |
| Outstanding bill for truck repair | 4,000 | |
| Judgment to wife for half interest in route | 12,600 | |
| TOTAL | $127,092 | $127,092 |
| Net Value | | $ 224 |

The trial court also required Arnold to pay $750 towards Jean's attorney fees, $750 towards Jean's expert witness fees, child support of $400 per month, and the court costs. Additionally, Arnold is required to provide medical and hospital insurance for the children.

The evidence indicates and the trial court found that the parties had adjusted gross income, for income tax purposes, of about $46,000 in 1982, less overdue taxes of $12,000, leaving only $34,000; and that Arnold will have adjusted gross income for 1983 of $34,000 or $35,000. The decrease was attributable to Arnold's decision to hire a driver to do part of the driving during 1983. We think it is important to note that these figures are for adjusted gross income, not net income. From adjusted gross income, Arnold must make monthly loan payments of almost $1,000; he must pay state and federal income taxes, estimated at

$16,000 for 1983; he must make payments into court for the benefit of Jean and the children of $750 per month or $9,000 annually; he must pay the other outstanding obligations, including attorney and expert witness fees, costs, and the $4,000 repair bill on the trucks; and he must pay his own living expenses. The trial court found that the husband could not apply much more than the $750 which is assessed against him. Considering the division of property, with the larger share going to the wife, and considering the indebtedness falling upon the husband, the trial court refused to award alimony.

In reversing the trial court, the Court of Appeals said:

"(T)he additional $350 in monthly payments she was awarded for her half of the business will have to be consumed by [the wife] to meet the ordinary needs of her children and herself. . . . By contrast, although the tangible property received by the petitioner has little net worth, he was awarded the milk route which can produce a gross income of at least $35,000 per year.

"The trial court's order reflects its goal of dividing the marital property equally. It has been acknowledged that this goal is defeated if a division of property forces a party receiving tangible assets of a business to liquidate the business in order to make the cash settlement payments to the other party. *Reich v. Reich*, 235 Kan. 339, 342-43, 680 P.2d 545 (1984); *Bohl I [Bohl v. Bohl*, 232 Kan. 557, 565, 657 P.2d 1106 (1983)]. However, it is equally true that the party receiving the cash payments should not be placed in the position of having to spend those payments in order to survive. *Almquist v. Almquist*, 214 Kan. 788, 793-94, 522 P.2d 383 (1974). Although the district court's order reflects appropriate concern for the former problem, it did not take into consideration the latter.

"In our opinion, the trial court overstated the value of the property received by respondent when compared to petitioner's income. We conclude that alimony should be awarded to the respondent to supplement the property settlement in such an amount that she will not have to consume the settlement payments already awarded by the court."

While we do not disagree with the rationale of *Almquist v. Almquist*, 214 Kan. 788, 522 P.2d 383 (1974), the factual situation in that case is quite dissimilar to the one now before us. After 36 years of marriage, the parties had a net marital estate of $176,000. Total debts were a mere $600. The parties were in their mid-fifties. Their children were grown. The trial court gave the wife property worth less than $5,000 and all of the rest to the husband, with the provision that he pay an "equalizing" judgment of $28,250 to the wife in installments. Even with that judgment, the wife received less than one-fifth of the value of the marital estate. The wife had but limited income; the husband's income is not discussed. We said:

"It seems apparent that in order to survive she will be required to dip into her share of the property. This factor should, we think, have weighed more heavily in the balancing of the parties' overall financial position." 214 Kan. at 793-94.

The court, with Justices Schroeder, Kaul and Fromme dissenting, increased the "equalizing" judgment by $20,000. Even with the increase, which gave her approximately 30% of the marital estate, it would seem that she would have to "dip into her share of the property" in order to survive.

The issue before the trial court, the Court of Appeals, and now this court, is the division of property and the denial of alimony. The Court of Appeals correctly pointed out in its opinion that the focus of an appellate court under such circumstances is whether or not the trial court abused its discretion. The rules are stated in *Bohl v. Bohl*, 232 Kan. 557, 657 P.2d 1106 (1983), (*Bohl I*) as follows:

"There is no disagreement on the rules governing division of property pursuant to divorce. The trial court is under a duty to divide the marital property in a 'just and reasonable manner.' K.S.A. 1981 Supp. 60-1610(d). In determining a just and reasonable division of the property the trial court should consider: (1) the ages of the parties; (2) the duration of the marriage; (3) the property owned by the parties; (4) the present and future earning capacities of the parties; (5) the time, source and manner of acquisition of property; (6) family ties and obligations; (7) the question of fault when determined; and (8) the allowance of alimony or the lack thereof. *Powell v. Powell*, 231 Kan. 456, 459, 648 P.2d 218 (1982); *Parish v. Parish*, 220 Kan. 131, 133-34, 551 P.2d 792 (1976).

" 'In a divorce action the district court is vested with broad discretion in adjusting property rights, and its exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse.' *Powell*, 231 Kan. at 459. See also *Downing v. Downing*, 218 Kan. 549, 542 P.2d 709 (1976). '[D]iscretion is abused only where no reasonable [person] would take the view adopted by the trial court. If reasonable [persons] could differ as to the propriety of the action taken by the trial court then it cannot be said that the trial court abused its discretion.' *Powell*, 231 Kan. at 459. *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 (1973)." 232 Kan. at 561.

The rule with reference to alimony is stated in *Parish v. Parish*, 220 Kan. 131, 134, 551 P.2d 792 (1976):

"It is not mandatory a wife be awarded alimony. (K.S.A. 1975 Supp. 60-1610[c]; *Lavery v. Lavery*, 208 Kan. 603, 492 P.2d 1311; *Wofford v. Wofford*, [214 Kan. 450, 520 P.2d 1278 (1974)]; and *McClaren v. McClaren*, 214 Kan. 217, 519 P.2d 720.) The trial court has wide discretion when it comes to matters relating to alimony, and its judgment in awarding alimony will not be disturbed absent a

clear abuse of discretion. (*Wofford v. Wofford,* supra at 452-453.)" 220 Kan. at 134.

There is no dispute in the evidence as to the value of the home, the amount of the mortgage on it, or the value of the furnishings. The wife values the car given to her at $7,500 instead of the $8,500 value attributed to it by the trial court, and we have used her value in our computation. The value of the milk route, purchased some two years earlier for $17,500, was fixed by the trial court at $25,000 and as noted earlier that figure finds support in the evidence, as well as in logic. The wife was awarded half of the value of the route.

The only dispute is whether the husband should pay—and can afford to pay—alimony. The trial court found that he cannot, and that no alimony should be awarded. Unquestionably, the wife could use alimony payments to support herself and the two children, but one of the unfortunate realities present in many domestic relations cases is that there are insufficient funds to go around. While the husband was given the only income-producing property, the milk route, he is faced with the payment of loans totalling over $110,000, plus outstanding repair bills and taxes. Although his loan payments will cease once the loans are paid off, it is obvious from the high mileage on the vehicles that he will be required to replace those trucks in order to keep the route productive. His gross income or his adjusted gross income do not accurately reflect his ability to pay. It is obvious, as we pointed out earlier in this opinion, that Arnold Clark has staggering obligations, payment of which must come from his adjusted gross income; these he must pay in order to remain in the milk hauling business. While there is evidence that the wife needs more support in some form, there is also evidence that the husband cannot pay more than the $750 per month which the trial court ordered him to pay.

The trial court, in announcing its decision, indicated that it had carefully considered the facts before it, and that it was attempting to enter an order most favorable and most fair to both parties. Under the circumstances, we cannot say that no reasonable person would take the view adopted by the trial court. We find no abuse of discretion.

Appellant raises three other points. She contends that the trial court abused its discretion in failing to award sufficient child

support. Second, she contends that the trial court abused its discretion in failing to award sufficient attorney fees to her. Finally, she contends that the trial court erred in limiting certain testimony. With reference to the child support, the amount ordered cannot be said to be insufficient as a matter of law; and in view of the financial circumstances of the parties, we do not believe it is insufficient as a matter of fact. Orders fixing child support are subject to the continuing jurisdiction of the trial court, and may be modified in the future when "a material change in circumstances is shown." K.S.A. 60-1610(a). As to attorney fees, the amount awarded is within the sound judicial discretion of the trial court. *Powell v. Powell,* 231 Kan. 456, Syl. ¶ 4, 648 P.2d 218 (1982). We find no abuse of that discretion. Finally, we find no error in the trial court's evidentiary rulings.

The judgment of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

HERD, J., dissenting: The value of the milk route is clearly understated. A business which will net more each year than its appraised value is incorrectly valued. I believe the trial court abused its discretion. I would reverse the trial court and affirm the Court of Appeals.

LOCKETT, J., dissenting: The trial judge determined the value of the milk route to be $25,000.00. He awarded the route to the husband and half the value of that route, $12,500.00, to the wife. He then gave the husband the option of paying the wife for her share of the route award either (1) $12,500.00 or (2) a total of $12,600.00 in 36 monthly installments of $350.00 each.

By allowing the husband the option of paying monthly installments, the trial judge deprived the wife of her ability to use or invest her $12,500.00. The trial judge, in effect, loaned the husband the use of the wife's award of $12,500.00 at an interest rate of less than 1/2 percent (.26% / .0026) when compounded monthly. This is an abuse of discretion. I would reverse the trial court.