**M. Joyce KING, Plaintiff and Respondent,**

v.

**Malcolm Leon KING, Defendant and Appellant.**

**No. 20110.**

Supreme Court of Utah.

April 11, 1986.

---

R. Don Brown, Richfield, for defendant and appellant.

Harry Caston, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

After twenty-seven years of marriage, the plaintiff, Joyce King, was awarded a decree of divorce from the defendant, Malcolm King. In distributing the few assets of the parties, the trial court awarded their Sevier County home to Mrs. King, free and clear of any interest in the defendant and subject only to its mortgage payments. Mr. King claims the trial court abused its discretion in refusing to require the home to be sold and to award him one-half of the equity. We affirm.

While we may review both the facts and the law in matters of equity, we also accord considerable deference to the judgment of the trial court and treat its findings with a presumption of validity. *Savage v. Savage*, Utah, 658 P.2d 1201 (1983). The trial court exercises broad discretion in adjusting the financial needs and property interests of the parties. The appellant must show that the court's award works such a manifest injustice or inequity as to clearly be an

abuse of that broad discretion. *Turner v. Turner,* Utah, 649 P.2d 6 (1982); *English v. English,* Utah, 565 P.2d 409 (1977). The testimony of the parties at trial (which was the only evidence before the Court) fails to disclose such an abuse or injustice. It is apparent that the trial court equitably divided the property, considering the respective responsibilities and needs of the parties, and attempted, insofar as possible, to maintain their standards of living. *Higley v. Higley,* Utah, 676 P.2d 379 (1983). The evidence, when considered in light of the various factors enunciated in *McDonald v. McDonald,* 120 Utah 573, 236 P.2d 1066 (1951), supports the ruling of the trial court and does not show any abuse of discretion.[1]

It is unnecessary to set forth all of the trial testimony regarding the conduct and the needs of the parties. It is sufficient to observe that the parties were separated for approximately three years prior to the divorce. Mrs. King has been unemployed during the entire twenty-seven years of marriage and devoted all her talents and efforts to raising the family and working in the home, particularly during her husband's long absences. She was discouraged by Mr. King from ever obtaining employment outside their home. Three of the five children still reside with the plaintiff in the home. The youngest child is only age 12. Considering her homemaking emphasis and age, it does not appear that the plaintiff can readily obtain meaningful employment in Sevier County. *Higley v. Higley, supra.* Mrs. King continues to live with the children in the home since Mr. King's departure in March 1981.

Although unemployed at the time of trial, Mr. King still received approximately $460 per month in unemployment benefits. He agreed as to the division and award of the remaining assets, which were unvalued but included three vehicles, a camper, firearms, miscellaneous tools, and personal items. Mr. King now resides in Idaho in a home provided to him without expense by his father. At the time Mr. King left the home, he kept a house trailer in which he had been living and which he later sold in 1983. He has no need or use for the home in Sevier County and does not want it.

In the spring of 1981, and after their separation, Mr. King conveyed all his interest in the home to the plaintiff. Occurring a full two and one-half years prior to the commencement of this suit, his conveyance of his interest was purely voluntary and without any compulsion or coercion from the plaintiff. Mr. King testified that he had also given all the furnishings in the home to his wife for her use in the home. Although at trial she felt the home was worth about $160,000 with a $16,000 mortgage, he testified it could only sell for much less. But no more reliable evidence was offered as to its value or condition. There was no agreement as to any amount of equity, although Mr. King did offer to pay her $50,000 for a one-half interest.

Recognizing Mrs. King's efforts to obtain employment, the uncertainties of Mr. King's present unemployment, and his prior conveyance of his interest in the home to the plaintiff, the court did not award any alimony to Mrs. King and awarded only $100 per month per child for the two minor children. Each party was required to pay his or her own obligations. She was also required to pay her own legal expenses. Under similar circumstances, an award of the home to the wife was affirmed as within the trial court's discretion in *Lavery v. Lavery,* 208 Kan. 603, 492 P.2d 1311 (1972).

In such equitable matters, the trial court is not necessarily bound by a deed or such agreement as between the parties. *Workman v. Workman,* Utah, 652 P.2d 931 (1982). However, we cannot say that considering the facts and circumstances of this case, the trial court erred in giving effect to the obvious intent and expectations of both parties at the time of their separation long prior to the divorce decree. *See Coleman v. Coleman,* Utah, 681 P.2d 1269 (1984); *Land v. Land,* Utah, 605 P.2d 1248, 1250–51 (1980). Having willingly conveyed

---

1. *Lavery v. Lavery,* 208 Kan. 603, 492 P.2d 1311 (1972). *See also Kerr v. Kerr,* Utah, 610 P.2d 1380 (1980), wherein we affirmed the award of the home to the wife.

away his interest in the home then, it is apparent that Mr. King now only feels a "seller's remorse" and regrets the decision he made. We are not convinced that it would be inequitable in this case to hold him to his voluntary agreement with his spouse. Considering the above facts, we find that the trial court acted within ·its broad discretion in dividing the parties' property, including the award of the home to Mrs. King.

Affirmed.

HOWE, J., dissents.