**Douglas ROSENDAHL, Plaintiff and Appellant,**

v.

**Elaine ROSENDAHL, Defendant and Appellee.**

No. 930318–CA.

Court of Appeals of Utah.

June 7, 1994.

D. Bruce Oliver (argued), Salt Lake City, for appellant.

Clark B. Allred (argued) and Gayle F. McKeachnie, McKeachnie & Allred, Vernal, for appellee.

Before BILLINGS, DAVIS and ORME, JJ.

## OPINION

DAVIS, Judge:

Appellant Douglas Rosendahl (Husband) appeals a final decree of divorce from appellee Elaine Rosendahl (Wife). Wife seeks attorney fees on appeal. We affirm and remand for determination of reasonable attorney fees on appeal to be awarded to Wife.

## FACTS

The parties married on July 21, 1973. They had three children: A son born in 1977, another son born in 1980, and a daughter born in 1983. In 1978, the parties built a

house on ten acres of land. In July 1992, after nineteen years of marriage, the parties separated and Husband filed for divorce. Wife continued to live in the marital home with the three children. On August 19, 1992, the court, pursuant to a motion for temporary relief, awarded Wife temporary custody, temporary possession of the family home, and temporary child support.

Trial was held February 24, 1993. The court interviewed the parties' two sons in chambers and heard evidence relating to their custody (the parties agreed that Wife would have custody of their daughter). The court also heard evidence concerning child support, alimony, property division, and attorney fees. On April 15, 1993, the court entered its findings of fact and conclusions of law and decree of divorce.

The court determined that Wife's parental role involved day-to-day care giving activities and Husband's parental role involved outdoor recreational activities. Specifically, the court found that Husband enjoyed hunting and fishing with the boys while Wife did not participate with her sons in these activities. The court found that Wife related to the children on a day-to-day basis, preparing their meals and taking them to various activities. Thus, Wife having custody and Husband having liberal visitation would be "the best arrangement for this particular family" because it would most nearly reflect the parties' distinct parental relationships and it would preserve the siblings' relationships with each other.

The court awarded each party one-half interest in the home, and it awarded Wife temporary possession. This award was based on findings that the children had lived in the home for the last thirteen years, the two sons loved the home and the area, and both parties wanted the children to live in the home. Wife's possession of the home would terminate upon her marriage or cohabitation, the youngest child achieving majority, or the parties' agreement to sell the house. Husband was ordered to repay the home equity debt of $6100. However, he could credit one-half of his monthly payments on this debt, not to exceed $100 per month, against his monthly alimony obligation of

$550. The court determined that the fair monthly rental value of the house was $350, and that Husband could likewise credit one-half that amount against his alimony obligation as well, so long as Wife lived in the home. The court ordered each party to pay one-half of the taxes and insurance on the home.

The court based Wife's alimony award of $550 per month on the following findings: that the parties had been married nearly twenty years, that Husband earned a monthly income of $2964, that Wife earned a monthly income of $1345, that Husband's monthly expenses totaled $1285, while Wife's totaled over $2000. The court concluded that Husband had disposable income while Wife was in need of financial assistance to cover her needs and to approximate Husband's standard of living.

The court awarded alimony based in part on the parties' financial declarations. In reviewing these documents, the court noted that some entries appeared excessive, and that some expenses were omitted. For instance, the court noted that neither party's financial declaration contemplated dependency tax exemptions. It also noted that Husband's entries for utilities, food, car, installment payments, and incidental expenses seemed to be "excessive." The court also noted that Wife's financial declaration contemplated her having custody of the children and that expenses associated with the children would be taken care of via child support and not alimony. Even so, the court determined that the overall sums as stated in each declaration were "not unreasonable."

The court also awarded Wife partial attorney fees. It reviewed her attorney's time sheet and determined that the $3000 amount was reasonable based on the hourly fee charged and hours expended. The court, relying on its findings pertaining to alimony, determined that Wife was in need of financial assistance and that Husband had sufficient disposable funds to pay for a portion of her attorney fees in the amount of $1200.

## ANALYSIS

### I. Custody

Husband claims the trial court abused its discretion in awarding Wife custody of their

two sons because that determination contradicts its finding that Wife did not share in the boys' recreational activities and would have difficulty relating to them in a visitation setting.

Utah law lists some of the many factors a trial court can consider in awarding custody.

In awarding custody,

(1) [T]he court shall consider the best interests of the child and the past conduct and demonstrated moral standards of each of the parties. The court may inquire of the children and take into consideration the children's desires regarding the future custody, but the expressed desires are not controlling and the court may determine the children's custody otherwise.

(2) [T]he court shall consider, among other factors the court finds relevant, which parent is most likely to act in the best interests of the child, including allowing the child frequent and continuing contact with the noncustodial parent as the court finds appropriate.

Utah Code Ann. § 30–3–10 (Supp.1993). Case law has expanded this list of factors. However, "[b]ecause custody determinations are so fact-sensitive, there is no required set of conditions which the court must consider, but the applicability and relative weight of the various factors in a particular case lies within its discretion." *Schindler v. Schindler*, 776 P.2d 84, 88 (Utah App.1989). Still, what follows is a partial list of factors a trial court may consider:

The need for stability in custodial relationship and environment; maintaining an existing primary custodial bond; the relative strength of parental bonds;  ·

The relative abilities of the parents to provide care, supervision, and a suitable environment for the children and to meet the needs of the children;

Preference of a child able to evaluate the custody question;

The benefits of keeping siblings together, enabling sibling bonds to form;

The character and emotional stability of the custodian; and

The desire for custody; the apparent commitment of the proposed custodian to parenting.

*Moon v. Moon*, 790 P.2d 52, 54 (Utah App. 1990) (citations omitted); *accord Cummings v. Cummings*, 821 P.2d 472, 478–79 (Utah App.1991). When reviewing claims related to custody, we grant a trial court broad discretion:

As an appellate court, we are limited in our institutional ability to come to grips with these considerations, whereas the trial court is in a much better position to gain the necessary understanding to make the best decision possible under the circumstances. Therefore, our review of the trial court's assessment of these factors is limited, and "we accord broad discretion to the trial court so that it may use its first-hand proximity to the parties to resolve the delicate and highly personal problems presented in custody disputes."

*Moon*, 790 P.2d at 54–55 (quoting *Erwin v. Erwin*, 773 P.2d 847, 849 (Utah App.1989)).

■ Here, the court based its custody award on the following considerations: (1) Wife's history as the primary caretaker of the children; (2) Wife's interest in maintaining that role; (3) the fact that Wife's caretaker relationship with her sons would be lost if they were not in her custody; (4) the fact that Wife would not have much of a relationship with her sons if she were deprived of the day-to-day caretaking relationship; (5) Husband's history of a predominantly recreational relationship with the boys being compatible with liberal visitation; (6) Husband's interest in maintaining that type of relationship; and (7) the preservation of the children's relationships with each other. In other words, the court attempted to ensure that the custody award would most nearly reflect the parties' ongoing relationships with their children.

Because the trial court made detailed findings, both on the record and in its formal findings, because we accord the trial court broad discretion in these matters, and because we find no abuse of discretion, we affirm the court's custody award.

## II. Alimony

Husband claims the trial court abused its discretion in awarding Wife alimony of $550 per month. He essentially challenges the court's interpretation of the financial evidence.

■ The general purpose of alimony is to prevent the receiving spouse from becoming a public charge and to maintain the standard of living enjoyed during the marriage, to the extent possible. *Howell v. Howell,* 806 P.2d 1209, 1212 (Utah App.), *cert. denied,* 817 P.2d 327 (Utah 1991) (citations and quotations omitted).

■ In determining whether to award alimony and in setting the amount, the trial court must consider (1) the financial conditions and needs of the receiving spouse; (2) the ability of the receiving spouse to provide for him or herself; and (3) the ability of the payor spouse to provide support. *Chambers v. Chambers,* 840 P.2d 841, 843 (Utah App. 1992). Where "the payor spouse's resources are adequate, alimony need not be limited to provide for only basic needs, but should also consider the recipient spouse's 'station in life.'" *Howell,* 806 P.2d at 1212; *accord Martinez v. Martinez,* 818 P.2d 538, 542 (Utah 1991). So long as the record is clear that the trial court has considered these three factors, we will not disturb its determination regarding alimony unless it has clearly abused its discretion. *Chambers,* 840 P.2d at 843.

■ Here, the court made findings regarding the financial conditions and needs of the receiving spouse: that the parties had been married nearly twenty years, that Wife's expenses exceeded her income, that Wife would have one-half the equity of the house, that she would have temporary possession of the house, and that Husband would contribute one-half the home equity payments and one-half the "rental" payments, while crediting the remainder of those payments against his alimony obligation.

The court also made findings regarding Wife's ability to provide for herself: that Wife was employed as a secretary at the Uintah School District with a monthly income of $1345, that she had over $2000 in monthly expenses, and that she could not maintain a standard of living similar to that of Husband absent additional financial assistance.

Finally, the court made findings regarding Husband's ability to provide support: that Husband earned a monthly income of $2964, that the amounts stated in his financial declaration were not unreasonable, and that he had a disposable income out of which he could pay Wife alimony.

Not only did the trial court make adequate findings, we do not see an abuse of discretion in the court's interpretation of the financial evidence before it. It is the trial court's function to judge the credibility of the witnesses and the accuracy of the evidence before it and, absent a determination of clear error, we do not set aside its findings. *See* Utah R.Civ.P. 52(a). The court heard evidence and arguments regarding how it should interpret this data. The court then noted in its findings that some entries appeared excessive, and that some expenses were omitted, but that the overall sums as stated in their respective financial declarations were "not unreasonable."

Given the court's findings on the three factors and the fact that the findings are supported by sufficient evidence, we see no abuse of discretion and we affirm the trial court's alimony award.

## III. Possession of Home

Husband claims the court abused its discretion in awarding Wife possession of the home. Husband argues he is better suited to doing both interior and exterior maintenance on the house and in maintaining the surrounding ten acres of property.

■ Utah Code Ann. § 30–3–5(1) (Supp. 1993) gives the court the power to distribute marital property in an equitable manner. A trial court does not consider property division in isolation. *Peterson v. Peterson,* 748 P.2d 593, 595 (Utah App.1988) (affirming award of possession of home to Wife who was custodial parent even where Husband owned home prior to marriage because "the only resource available to support the children is

the family home"). The trial court "shall consider all the circumstances of the parties in determining the distribution of real and personal property, including the obligations of the parties for child and spousal support." *Id.*

A trial court may appropriately consider the welfare and emotional needs of the children in determining possession of the family home. *Id.* at 596. In many cases, "allowing the children to remain in the family home would serve their emotional best interests by maintaining their roots and security and, thus, helping to ameliorate the trauma of the divorce." *Id.* *See also Stephens v. Stephens,* 728 P.2d 991, 993 (Utah 1986) (per curiam) ("The parties need to provide a home for their children, and the use of the home adds to their support."); *King v. King,* 717 P.2d 715, 717 (Utah 1986) (per curiam) (affirming trial court's approval of Husband's prior conveyance of home to Wife, who was living with minor children); *Hagan v. Hagan,* 810 P.2d 478, 481 (Utah App.1991) ("the granting to one spouse the right to reside in the marital home is often justified as providing child or spousal support").

■ Here, the court provided that each party would have one-half ownership in the house, that Wife would be responsible for one-half of the taxes and insurance on the home, and that Wife would have possession of the house. The court supported its award of possession by the following findings: (1) the family had lived in the home for the last thirteen years; (2) the two boys loved the home and did not want to leave the area; and (3) both parties wanted the children to live in the home. Further, Wife's possession of the home would terminate upon her remarriage or cohabitation, the youngest child reaching eighteen, or the parties' agreement to sell the home.

The court also provided that Husband could deduct one-half of the home equity loan payment from his alimony obligation and one-half of the house's rental value from his alimony payment, so long as Wife is living in the home. In other words, the court tied Wife's possession of the home to spousal support. *See Hagan,* 810 P.2d at 481.

Given the court's findings supporting its award and the restrictions it placed on the award, we see no abuse of discretion in the court awarding Wife possession of the home.

### IV. Attorney Fees at Trial

■ Husband claims the trial court abused its discretion in awarding Wife $1200 in attorney fees. He claims the court failed to make adequate findings concerning Wife's need. He also claims that the evidence is insufficient to support a finding of need.

Here, the court reviewed the time sheets of Wife's attorneys and found that the $3000 in attorney fees incurred by Wife was reasonable. The court also determined Wife's need and Husband's ability to pay based on their testimony and their financial declarations. The court found that Wife's expenses exceeded her income and that Husband had some disposable income. Thus, the court amply supported its award of partial attorney fees to Wife in the amount of $1200.

Wife contends that the court erred in awarding her only partial attorney fees. In support of this contention, she cites *Haumont v. Haumont,* 793 P.2d 421, 426 (Utah App.1990) and *Muir v. Muir,* 841 P.2d 736, 741 (Utah App.1992). In these cases, the trial court awarded partial attorney fees without providing a finding as to why the award was partial. In contrast, in the present case, the court found that the total attorney fee was reasonable, but that Wife needed only partial assistance. Thus, we see no abuse of discretion in the court awarding partial attorney fees.

### V. Attorney Fees on Appeal

■ Wife seeks attorney fees on appeal. In a domestic case, where the trial court has awarded attorney fees and the receiving spouse has prevailed on the main issues, we generally award fees on appeal. *Hall v. Hall,* 858 P.2d 1018, 1027 (Utah App.1993); *Allred v. Allred,* 835 P.2d 974, 979 (Utah App.1992). Because Wife was awarded fees at trial and has prevailed on appeal, she is entitled to attorney fees on appeal. We remand for determination of the amount of reasonable fees. "The trial court should also take into account the fact that [Wife] was

only granted partial attorney fees at trial." *Hill v. Hill,* 869 P.2d 963, 967 (Utah App. 1994).

## CONCLUSION

We affirm on all issues.[1] We award attorney fees on appeal and remand for determination of the amount of reasonable fees.

BILLINGS, J., concurs.

ORME, J., concurs, with the exception of sections II and IV in which he concurs in result only.

---

1. We deny Wife's motion to strike Husband's brief for failure to comply with Utah Rule of Appellate Procedure 24(a) (1992). Husband's brief, while not in perfect compliance with Rule 24(a), is not egregious. Moreover, the appeal involves the issue of child custody, which should not be determined solely on the basis of compli-ance with this Rule. Thus, we determine that the inadequacies of the brief serve as their own sanction and we reach the merits of the appeal. *See Demetropoulos v. Vreeken,* 754 P.2d 960, 962 (Utah App.1988), *cert. denied,* 765 P.2d 1278 (Utah 1988).