Mary Ann REINHART, Plaintiff
and Appellee,

v.

Douglas James REINHART, Defendant
and Appellant.

No. 971211–CA.

Court of Appeals of Utah.

July 23, 1998.

**758**

Robert A. Echard, Ogden, for Defendant and Appellant.

N. George Daines and Christopher L. Daines, Logan, for Plaintiff and Appellee.

Before BENCH, BILLINGS and ORME, JJ.

## MEMORANDUM DECISION

BILLINGS, Judge:

Defendant Douglas Reinhart appeals the trial court order modifying his divorce decree, granting plaintiff Mary Ann Reinhart an increase in child support, and awarding attorney fees. We affirm in part and reverse in part.

### I. Child Support

#### A. Imputation of Income [1]

First, defendant argues the trial court erred in imputing only $2,000 monthly income to plaintiff. A court may impute income to a parent only if the parent stipulates to the imputed income or the court makes a threshold finding that the parent is voluntarily unemployed or underemployed. *See Hall v. Hall,* 858 P.2d 1018, 1024 (Utah Ct.App.1993). In this case, plaintiff stipulated at trial to $2,000 monthly income, but defendant argues the trial court should have imputed additional income to plaintiff based on her earning capacity as a nurse of $2,930 a month. The trial court questioned whether plaintiff, a full-time student in a graduate nursing program, could hold down the shift work required for the higher salary while caring for her four minor children. Thus the court imputed to wife only the $2,000 monthly income to which she had stipulated. We conclude the trial court did not abuse its discretion in refusing to impute additional income based on the facts before the court.

#### B. Defendant's Income

Second, defendant argues the trial court miscalculated his income. Defendant, a self-

---

**1.** We deal with the issues concerning income to provide guidance to the trial court in any future proceedings, even though we reverse the modification of the child support award on other grounds.

employed anesthesiologist, concedes his overall income has increased since the original divorce decree. However, defendant argues that the trial court violated Utah Code Ann. § 78–45–7.5(2) (Supp.1997), because it considered his entire income rather than calculating child support on the basis of a forty hour work week.[2]

■■■ Trial courts have broad discretion to select an appropriate means of calculating income when awarding child support. *See Howell v. Howell,* 806 P.2d 1209, 1211 (Utah Ct.App.1991). Thus we will uphold a trial court's calculation of income for child support purposes absent a clear and prejudicial abuse of discretion. *See id.* at 1211. We find no such abuse of discretion in this case. Here the trial court found that while defendant worked more than forty hours per week, such hours are normal for the medical profession and include many hours devoted to professional study and education that benefit defendant. The court stated that defendant did not have a "job" as contemplated by section 78–45–7.5(2), but belonged instead to a highly compensated profession whose members customarily work more than forty hours per week. Thus the court concluded that extrapolating an income for defendant based on a forty-hour work week would "create an artificiality with benefit to [defendant] and a deprivation to [plaintiff] and the children which could never have been in the minds of the legislature." Furthermore, because defendant is self-employed, the trial court calculated his income in accordance with Utah Code Ann. section 78–45–7.5(4)(a) (Supp. 1997), which provides: "Gross income from self-employment or operation of a business shall be calculated by subtracting necessary expenses required for self-employment or business operation from gross receipts." We

conclude the trial court fully complied with the statutory requirements in calculating defendant's income.[3]

C. Calculation of Child Support When Income Exceeds Guidelines

Third, defendant argues the trial court abused its discretion in calculating his child support because the court based the award on a linear extrapolation of the child support guidelines. Utah courts award child support based on a statutory child support obligation table codified in Utah Code Ann. § 78–45–7.14 (1996). However, the table covers families with combined monthly incomes up to $10,100 a month. Defendant's adjusted gross income substantially exceeds $10,100.

Utah Code Ann. § 78–45–7.12 (1996) states:

> If the combined adjusted gross income [of the parents] exceeds the highest level specified in the [child support obligation] table, an appropriate and just child support amount shall be ordered on a case-by-case basis, but the amount ordered may not be less than the highest level specified in the table for the number of children due support.

We articulated the required fact findings for a just and appropriate award under this section in *Ball v. Peterson,* 912 P.2d 1006 (Utah Ct.App.1996). In *Ball,* we stated that "where the parties' income exceeds the highest monthly combined adjusted gross income listed on the statutory table, linear extrapolation of the child support obligation table *alone* is not enough." *Id.* at 1014 (emphasis added). We noted that strict reliance on linear extrapolation could result in vast increases in child support unwarranted by the children's actual needs. *See id.* Thus, we

---

2. Section 78–45–7.5(2) states: "Income from earned income sources is limited to the equivalent of one full-time 40–hour job." Utah Code Ann. § 78–45–7.5(2)(Supp.1997).

3. Defendant also argues that the court failed to justify its rejection of his claimed business expenses. These expenses included a salary paid to his current wife and educational, travel and entertainment expenses. Under section 78–45–7.5(4)(a), a self-employed parent seeking to reduce child support because of business expenses must prove that those expenses are necessary to

allow the business to operate at a reasonable level. In this case, the court accepted the claimed expense of defendant's current wife's income, but stated in its findings of fact and conclusions of law that the other expenses significantly benefitted defendant, and were double the amount necessary to allow his business to operate at a reasonable level. Thus the court allowed half of defendant's claimed education, travel and entertainment deductions. We see no clear error in this decision.

held trial courts must "consider and make specific findings on all 'appropriate and just' factors" including the children's reasonable needs. *Id.* In this case, both the parties and the trial court focused on defendant's dramatic increase in income rather than the children's needs. Thus, neither the evidence nor the court's findings indicate that the present level of support is inadequate to meet the children's current needs.

■ In child support cases where parental income exceeds the guidelines, the parties must introduce evidence to establish the reasonable needs of the children. A demonstration of an increase in the obligor's income alone is not sufficient to increase the child support order. The increase in ability to pay must be considered in light of the children's actual needs in fashioning an "appropriate and just" child support award under section 78–45–7.12.

The only solid evidence in the record showing that more support was needed was plaintiff's testimony that she had found it necessary to borrow money to make ends meet. Yet the amount borrowed was only a fraction of what defendant owed in support but had not paid. This suggests that the children did not need an increase in the *amount* of their support—just timely payment of the existing award. The trial court's award of judgment to plaintiff for arrearage and interest of some $20,000, if supported with appropriate enforcement efforts, should thus eliminate plaintiff's identified shortfalls. Therefore we reverse the child support modification as the record does not reflect that the current award failed to meet the children's needs.[4]

## II. Attorney Fees

■ Defendant argues we should vacate the trial court's award of attorney fees because it was not supported by a fees affidavit from plaintiff's attorney. The record shows that plaintiff's attorney and defendant's attorney stipulated at trial that they would each accept the other's fees as reasonable. Defendant's attorney then submitted his fees affidavit, but plaintiff's attorney failed to submit an affidavit until after the court issued its order. The court found that all the attorney fees incurred by both parties were necessary and that defendant's fees were reasonable based on defendant's fees affidavit. In its judgment the court stated that, because plaintiff had not yet submitted a fees affidavit, "[t]he court can only assume [she] incurred like fees." Thus the court awarded plaintiff $2,000 in attorney fees based on the parties' relative incomes. Plaintiff's attorney then submitted a fees affidavit listing fees slightly over $2,000. Defendant objected to the trial court's entry of its order before receipt of plaintiff's fees affidavit, and the court issued a memorandum decision overruling the objection and stating that the matter of fees was still before the court and the late submission of plaintiff's fees affidavit was not prejudicial to defendant. Based on these facts, we find no abuse of discretion in the court's award of attorney fees.

■ Plaintiff asks us to award her attorney fees on appeal. "In a domestic case, where the trial court has awarded attorney fees, and the receiving spouse has prevailed on the main issues, we generally award fees on appeal." *Rosendahl v. Rosendahl,* 876 P.2d 870, 875 (Utah Ct.App.1994); *see also Hall,* 858 P.2d at 1027 (accord). In this case, plaintiff was awarded fees below, but we cannot say she has prevailed on the main issues on appeal. We therefore deny her request for fees on appeal.

BENCH and ORME, JJ., concur.

---

4. We note that nothing in our decision precludes plaintiff from filing a subsequent petition to modify the child support award if she can demonstrate that the current award does not meet the children's needs.